Sheed, J.,
delivered tlie opinion of the court:
This is an action of ejectment from the circuit court of Knox county. Verdict and judgment below were for the defendant, from which the plaintiff has appealed in error.
The rights of the parties turned upon a question of boundary, and upon the defense of the statute of limita- *43 tionSj relied upon by the defendant, who, by himself and those under whom he holds, has, as Ave think is established, held the actual adArerse possession of the land in dispute for more than twenty years, and whose title papers cover the whole area claimed in the plaintiff’s declaration, except such as is covered by his disclaimer. The verdict, according to the well-established doctrine of this court, cannot be disturbed upon the facts of the case. The plaintiff claimed under a grant to James Forgey, and divers intermediate conveyances; the defendant under a deed from Spencer to’ Aaron liar-bison, and divers intermediate IconAreyances, but directly from one Pleasant Johnson, Sr., by deed of January T, 1865, for fifty acres. The boundaries set forth in the latter deed are as follows: “Beginning on a small hickory, George Forrester’s line, east eighty poles to a rock, Jacob Foust’s line; thence, with Jacob Foust’s line to a rock; thence, with Philip Foust’s line to a small post oak; thence, with a. condition line between Aaron Harbison and Tarver, to Solomon Clapp’s line; thence, south to the beginning.”
The surveyor, Lineart, witness for the plaintiff, stated that he “had seen the calls in defendant’s deed, and run them. The deed covers the land in dispute, if the inside or east line (on the plat exhibited) on the west marked T. W. K., is the Philip Foust line, but if the other-or outside line, is the line of the old survey (meaning the survey of the original Forgey grant), as called for in the deed and grant, it does not cover the land.”
The question of fact for the jury to determine, then, and upon the determination of which the defendant’s right, under the plea of seven years adverse possession, could be advisably and certainly settled, was as to the exact locality of the Foust line, and that question they have settled upon ample proof. There is some testimony tending to show that the Foust and Forgey line were one and the same, but there is also testimony tending to show an interlap of the *44 boundary claimed by defendant over that established by the old Forgey survey. It is positively shown, however, that Philip Foust always claimed his line and the Forgey line on the west to be one and the same.
The propositions of law, as charged by the court, are unexceptionable in themselves, but it is insisted the court erred in laying so much stress on the Foust line, and ignoring in the charge the Forgey line. But the charge went to the jury without any special exception at the time, and without any request from the plaintiff for any other -or further instructions. Where no positive error exists in the charge, and it is not perfectly manifest that injury and injustice has resulted from the want of a more full and extended charge, this court will not disturb a verdict in any case, and especially in a case where the party has failed to put the court in error by demanding other instructions, which the court refused. But we.are inclined to think the charge was, under the circumstances of this case, scarcely obnoxious to the objections now urged against it. The court said to the jury: “In determining whether the defendant’s title covers the land in dispute or not, you will determine and fix, from the proof, the locality of the line spoken of by the witnesses as the line of Jacob Foust and Philip Foust, and having done this, then, if you should find from the proof that defendant’s title calls for the Fonst line,, it will go to the Foust line, although the number of poles may give out before it reaches said line. If you find from the proof that there are two¡ lines near together, each claimed by the respective parties as the western boundary of the land in controversy, and should find from the proof that there are, in one of said lines, the natural or artificial objects called for in the title papers, and that no such objects are found in tbe other line, the law presumes that the line in which the objects called for in the title are found, is the true line.”
It seems to us that it would be difficult for a jury to be *45 misled by a proposition so clear as this; and under tbe proven facts, no other lines could have been referred to than the Foust and Forgey lines — the very lines in controversy. But it will be observed that defendant relied upon the statute of limitations as protecting his possession to the extent of his title boundaries, one of which was the Foust line, and under such circumstances we could not have pred- ' icated error upon the failure of the court to pay any attention whatever to- the Forgey line in the charge. The affidavit of the jurors as to their construction of the charge cannot be considered. No practice could be more inimical to the proper administration of justice than for a revising court to give heed to the interpretation that a juror sees proper to say, after verdict, that he had given to a charge.
We think, upon the proof, the rights of these parties have been properly adjusted by the result, and the judgment will be affirmed.